1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

ANA MUNIZ

    Plaintiff(s),

   v.

THE UNITED STATES DEPARTMENT OF
HOMELAND SECURITY


    Defendant(s).

CASE NO:
2:20–cv–07153–DSF–KS


ORDER SETTING SCHEDULING
CONFERENCE

Date:  Monday, November 16, 2020
Time:  11:00 AM

**READ THIS ORDER CAREFULLY. IT DIFFERS IN SOME RESPECTS**

**FROM THE LOCAL RULES.**

  This case has been assigned to Judge Dale S. Fischer. This matter is set for a scheduling conference on the above date. If plaintiff has not already served the operative complaint on <u>all</u> defendants, plaintiff must do so <u>promptly</u> and must file proofs of service within three days thereafter. Defendants also must timely serve and file their respective pleadings. The Court will dismiss all remaining fictitiously-named defendants at the scheduling conference. The Court will also set a date by which motions to amend the pleadings or add parties must be heard.

  The scheduling conference will be held pursuant to Rule 16(b) of the Federal

\\\

1   Rules of Civil Procedure ("Rule ___"). The parties are reminded of their obligations

2   under Rule 26(a)(1) to disclose information (without awaiting a discovery request),

3   and under Rule 26(f) to meet and confer on a discovery plan not later than 21 days

4   before the scheduling conference and to file a "Joint Rule 26(f) Report" not later

5   than 14 days after the meeting of counsel and **not later than seven days** before the

6   scheduling conference. Paper Chambers copies of the Joint Rule 26(f) Report must

7   be delivered to Judge Fischer's box next to the Clerk's office on the fourth floor of

8   the First Street Courthouse. Paper Chambers copies must be "blue-backed," with

9   the title of the document on the lower right hand corner of the "blue-back." Paper

10  Chambers copies must be submitted no later than noon on the day after the e-filing.

11  Failure to comply with the requirements in this Order or to cooperate in the

12  preparation of the Joint Rule 26(f) Report may lead to the imposition of sanctions.

13        The Court encourages counsel to agree to begin to conduct discovery

14  actively **before** the scheduling conference. At the very least, the parties must

15  comply fully with the letter and spirit of Rule 26(a) and obtain and produce most of

16  what would be produced in the early stage of discovery, because at the scheduling

17  conference the Court will impose strict deadlines to complete discovery.

18        **This Court does not exempt parties appearing *in propria persona* from**

19  **compliance with any of the Local Rules, including Local Rule 16. "Counsel,"**

20  **as used in this order, includes parties appearing *in propria persona*.**

21        **1.    Joint Rule 26(f) Report**

22        The Joint Rule 26(f) Report, which must be filed not later than seven days

23  before the scheduling conference, must be drafted and filed by plaintiff (unless the

24  plaintiff is a non-lawyer *pro per* or the parties agree otherwise), but must be signed

25  jointly. "Jointly" contemplates a single report, regardless of how many separately-

26  represented parties there are. The Joint Rule 26(f) Report must specify the date of

27  the scheduling conference on the caption page. It must report on all matters

28  described below, which includes those required to be discussed by Rule 26(f) and

Local Rule 26:

a. <u>Statement of the case</u>: a short synopsis (not to exceed two pages) of the main claims, counterclaims, and affirmative defenses.

b. <u>Subject matter jurisdiction</u>: a statement of the **specific** basis of federal jurisdiction, including supplemental jurisdiction.

c. <u>Legal issues</u>: a brief description of the **key legal issues**, including any unusual substantive, procedural, or evidentiary issues.

d. <u>Parties, evidence, etc.</u>: a list of parties, percipient witnesses, and key documents on the main issues in the case. For conflict purposes, corporate parties must identify all subsidiaries, parents, and affiliates.

e. <u>Damages</u>: the realistic range of provable damages.

f. <u>Insurance</u>: whether there is insurance coverage, the extent of coverage, and whether there is a reservation of rights.

g. <u>Motions</u>: a statement of the likelihood of motions seeking to add other parties or claims, file amended pleadings, transfer venue, etc.

h. <u>Status of Discovery</u>: a discussion of the present state of discovery, including a summary of completed discovery.

i. <u>Discovery Plan</u>: a detailed discovery plan, as contemplated by Rule 26(f), including the identity of all anticipated deponents and dates by which their depositions are to be completed (if possible), anticipated written discovery requests, including requests for admission, document requests, and interrogatories, and a schedule for completion of all discovery. State what, if any, changes in the disclosures under Rule 26(a) should be made, the subjects on which discovery may be needed and whether applicable limitations should be changed or other limitations imposed, and whether the Court should enter other orders. (It is very unlikely that the Court will agree to phased discovery.) A statement that discovery will be conducted as to all claims and

defenses, or other vague description, is not acceptable. (Pursuant to Rule 26(f)(2), a discovery plan that complies with Rule 26(f)(3) must be filed within 14 days after the scheduling conference. If the information provided in the Joint Rule 26(f) Report does not meet these requirements, the parties must file an additional more detailed discovery plan no later than 14 days after the date of the scheduling conference, even if that conference date has been vacated.)

j.   Discovery cut-off: a proposed discovery cut-off date. *N.B.* This means the final day for **completion of discovery**, including resolution of all discovery motions. This date should ensure that discovery is completed sufficiently in advance of the motion cut-off date to avoid any request pursuant to Rule 56(d)

k.   Expert discovery: proposed dates for expert witness disclosures (initial and rebuttal) and expert discovery cut-off under Rule 26(a)(2). This date should ensure that discovery is completed sufficiency in advance of the motion cut-off date to avoid any request pursuant to Rule 56(d).

l.   Dispositive motions:: a description of the issues or claims that any party believes may be determined by motion for summary judgment or motion *in limine*.

m.   Settlement/Alternative Dispute Resoulation (ADR): a statement of what settlement discussions or written communications have occurred (excluding any statement of the terms discussed) and a statement selecting one of the three ADR Procedures specified in Local Rule 16-15.4 and including when the ADR session should occur. Note: If counsel have received a Notice to Parties of Court-Directed ADR Program (form ADR-08), the case presumptively will be referred to the Court Mediation Panel or private mediation (at the parties'

expense). No case will proceed to trial unless all parties, including an officer (with full authority to settle the case) of all corporate parties, have appeared personally at an ADR proceeding.

n.  <u>Trial estimate</u>: a realistic estimate of the time required for trial and whether trial will be by jury or by the court. Each side should specify (by number, not by name) how many witnesses it comptemplates calling. If the time estimate for trial given in the Joint Rule 26(f) Report exceeds four court days, counsel must be prepared to discuss in detail the estimate.

o.  <u>Lead Trial Counsel</u>: the name of lead trial counsel. Only one lead trial counsel should be named. If counsel purport to be co-lead counsel, **both** must appear at all proceedings set by the Court.

p.  <u>Independent Expert or Master</u>: whether this is a case where the Court should consider appointing a master pursuant to Rule 53 or an independent scientific expert. (The appointment of a master may be especially appropriate if there are likely to be substantial discovery disputes, numerous claims to be construed in connection with a summary judgment motion, a lengthy Daubert hearing, a resolution of a difficult computation of damages, etc.)

q.  <u>Timetable</u>: **complete the Schedule of Pretrial and Trial Dates attached to this Court and attach it to the Joint Rule 26(f) Report. Submission of a completed Schedule is mandatory**. The entries in the "Weeks Before Trial" column reflect what the Court has determined are appropriate for most cases and will allow the Court to rule on potentially dispositive motions sufficiently in advance of the pretrial conference and otherwise to prepare for the conference. The Schedule is designed to enable counsel to ask the Court to set different (**but only earlier**) last dates by which the key requirements must be

completed. Each side should insert the month, day, and year that side

requests for each event. For example, the expert discovery cut-off

might be "10/7/21" for plaintiff and "10/28/21" for defendant, if they

cannot agree. Counsel are expected to act professionally and make

every effort to agree on dates. At the scheduling conference, the

Court will review the proposed Schedule with counsel. **Each entry**

**proposing Court dates must fall on a Monday, except the trial**

**date, which must be a Tuesday. Counsel should ensure that**

**requested dates do not fall on a holiday**. In apropriate cases the

Court will order different dates after it hears from counsel. The

discovery cut-off date is the last day by which al depositions must be

completed, responses to previously-served written discovery must be

provided, and motions concerning discovery disputes must **heard.**

The cut-off date for motions is the last date on which motions may be

**heard**, not filed. The Court is not likely to continue this date, and

generally will not do so unless the trial date is also continued. The

Schedule provides for separate "last days" for motions to amend

pleadings or add parties, motions in limine, and all other motions.

r.   Magistrate Judge: whether the parties agree to try the case before a

magistrate judge. Pursuant to 28 U.S.C. § 636, the parties may

consent to have a magistrate judge preside over all proceedings,

including jury trials. The parties may choose any magistrate judge

(not just the judge assigned to the case) from among the magistrate

judges identified on the Central District website. The consent form

can also be found on the website.

s.   Class Actions: if the action is a putative class action, the parties are to

provide a proposed briefing schedule for the motion for class

certification. The schedule must provide for at least three weeks

1    between the filing of the reply and the hearing. The Court expects the

2    parties to act diligently and begin the discovery immediately, because the

3    motion must be filed no later than 120 days from the date originally

4    set for the scheduling conference, unless the Court orders otherwise.

5    In other words, a continuance of the date for the scheduling

6    conference will not extend the time to file the motion for class

7    certification.

8    t.    Other issues: a statement of any other issues affecting the status or

9          management of the case (e.g., unusually complicated technical or

10         technological issues, disputes over protective orders, extraordinarily

11         voluminous document production, non-English speaking witnesses,

12         ADA-related issues, discovery in foreign jurisdictions, etc.), and any

13         proposals concerning severance, bifurcation, or other ordering of

14         proof.

15   The Joint Rule 26(f) Report should provide the above information under

16   section headings corresponding to those in this Order.

17   **2.    Scheduling Conference**

18   The scheduling conferences will be held in the First Street Courthouse,

19   courtroom 7D, 350 West 1st St., Los Angeles, CA. Counsel must comply with the

20   following:

21   a.    Participation: Lead trial counsel **must** attend the scheduling

22         conference, unless excused by the Court for good cause shown in

23         advance of the scheduling conference. When seeking permission not

24         to attend, lead trial counsel must identify the person who will appear

25         by name and bar number, and specify that person's involvement in the

26         case. The Court may choose to postpone the scheduling conference

27         rather than to permit counsel other than lead trial counsel to attend.

28         Neither local counsel nor other counsel designated as trial counsel.

Counsel should not purport to be co-lead trial counsel as a means of avoiding this requirement. If counsel purport to be co-lead counsel, **both** must appear at all proceedings set by the Court.

a.  <u>Continuance</u>: A continuance of the scheduling conference will be granted only for good cause.

**3.  <u>Notice to be Provided by Counsel</u>**

Plaintiff's counsel or, if plaintiff is appearing *pro se*, defendant's counsel, must provide this Order to any parties who first appear after the date of this Order and to parties who are known to exist but have not yet entered appearances.

**4.  <u>Disclosures to Clients</u>**

Counsel are ordered to deliver to their respective clients a copy of this Order and of the Court's trial order, which will contain the schedule that the Court sets at the scheduling conference.

**5.  <u>Court's Website</u>**

Copies of this and other orders of this Court that may become applicable to this case are available on the Central District of California website, at www.cacd.uscourts.gov, under "Judge's Procedures and Schedules." The Local Rules are available on the website.

The Court thanks the parties and their counsel for their anticipated cooperation in complying with these requirements.

1   <u>Caveat</u>: **Unless lead trial counsel is excused by the Court in advance of the**

2   **scheduling conference, the attorney who appears at the scheduling**

3   **will be deemed lead counsel. If counsel fail to file the required Joint Rule 26(f)**

4   **Report, or the required pretrial documents, or if lead counsel fails to appear**

5   **at the scheduling conference, the pretrial conference, or any other proceeding**

6   <u>**scheduled by the Court,**</u> **and such failure is not satisfactorily explained to the**

7   **Court: (a) the case will be dismissed for failure to prosecute, if such failure**

8   **occurs on the part of the plaintiff; (b) default (and thereafter default**

9   **judgment) will be entered if such failure occurs on the part of the defendants;**

10  **or (c) the Court will take such other action as it deems appropriate.**

11

12       **IT IS SO ORDERED.**

13

14  DATED: October 14, 2020                    /s/ *Dale S. Fischer*
                                               Dale S. Fischer
15                                             United States District Judge

16

17

18

19

20

21

22

23

24

25

26

27

28

## SCHEDULE OF PRETRIAL AND TRIAL DATES

CASE NAME:

CASE NO:

| Matter | Time | Weeks before trial | Plaintiff(s) Request | Defendant(s) Request | Court Order |
|---|---|---|---|---|---|
| Trial (jury)(court) (length ___days)  **(Tuesday)** | 8:30 am | | | | |
| Pretrial Conference, LR 16; Hearing on Motions in Limine  **(Monday)** | 3:00 pm | 4 | | | |
| Trial Documents (Set Two) **All Trials:**  Lodge Pretrial Conference Order, LR 16-7; File Oppositions to Motions in Limine **Jury Trial Only:**  File Agreed Set of Jury Instructions and Verdict Forms; Statement Regarding Disputed Instructions and Verdict forms | | 6 | | | |
| Trial Documents (Set One) **All Trials:**  File Memo of Contentions of Fact and Law, LR 16-4; Exhibit & Witness Lists, LR 16-5, 6; Status Report Regarding Settlement; Motions in Limine (no more than five motions per side may be filed without Court permission) **Court Trial Only:** Lodge Findings of Fact and Conclusions of Law; LR 52; File Summaries of Direct Testimony (optional) | | 7 | | | |
| Last day to conduct ADR Proceeding, LR 16-15 | | 12 | | | |
| Last day to **hear** motions (except motion to amend pleadings or add parties and motions in limine), LR 7 **(Monday)** | | 14 | | | |
| Non-expert Discovery Cut-off | | 21+ | | | |
| Expert Disclosure (initial) | | | | | |
| Expert Disclosure (rebuttal) | | | | | |
| Expert Discovery Cut-off | | 21+ | | | |
| Last day to hear motion to amend pleadings or add parties **(Monday)** | | 32+ | | | |

LR 16-15 ADR Choice:   ☐ 1.  USMJ          ☐ 3.  Outside ADR

☐ 2.  Attorney Settlement Panel